J-S58006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN EUGENE SMITH, | |
| Appellant | No. 2265 MDA 2015 |

Appeal from the PCRA Order November 25, 2015
in the Court of Common Pleas of Schuylkill County
Criminal Division at Nos.: CP-54-CR-0001353-2012
CP-54-CR-0001354-2012

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 20, 2016**

Appellant, Kevin Eugene Smith, appeals *pro se* from the order denying his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely.[1]  Counsel appointed to represent Appellant has filed both an ***Anders***[2] brief as well as a ***Turner***/***Finley***[3] "no

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court filed its order on November 25, 2015.  Appellant erroneously asserts December 20, 2015 as the date of the order.  We have amended the caption accordingly.

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

merit" letter, along with a petition (captioned as a motion) for permission to withdraw from further representation.[4]  We affirm the dismissal of the PCRA petition, and grant counsel's petition to withdraw.

We take the factual and procedural history from the Rule 1925(a) opinion filed by the PCRA court, and our independent review of the certified record.  (**See** PCRA Court Opinion, 3/07/16); **see also** Pa.R.A.P. 1925(a).

On April 10, 2013, a jury convicted Appellant of two separate bank robberies and related crimes.[5]  On May 29, 2013, the trial court imposed an aggregate sentence of not less than forty-two nor more than eighty-four months of incarceration in a state correctional institution.  Appellant's previous petition for PCRA relief was denied on January 27, 2014.  However, on the same date, the court separately granted Appellant's petition for leave to file a direct appeal *nunc pro tunc*.  (**See** Order, 1/27/14).

On direct appeal, this Court affirmed judgment of sentence, rejecting Appellant's challenge to the denial of his motion to suppress identification evidence.  We also granted counsel permission to withdraw, and, on independent review, found no non-frivolous issues preserved for appellate review.  (**See Commonwealth v. Smith**, No. 391 MDA 2014, unpublished

_____

[4] We may accept an **Anders** brief in *lieu* of a **Turner/Finley** letter.  **See Commonwealth v. Widgins,** 29 A.3d 816, 817 n.2 (Pa. Super 2011). Appellant has not responded to the petition to withdraw.

[5] The jury also convicted Appellant of two counts of theft by unlawful taking and two counts of receiving stolen property.

memorandum at *8-*9, (Pa. Super. filed August 13, 2014)). Appellant did not petition our Supreme Court for allowance of appeal. Appellant filed the instant petition, *pro se*, on September 29, 2015.

The PCRA court appointed counsel, Attorney Thomas J. Pellish, Esq. After a hearing, the PCRA court determined that the petition was untimely, and dismissed it, on November 25, 2015. (**See** N.T. Hearing, 11/25/15, at 4). Appellant filed a notice of appeal, *pro se*, on December 24, 2015.[6]

Preliminarily, we observe that the only notice of appeal filed in this case is the *pro se* notice filed by Appellant while he was still represented by Attorney Pellish. The Commonwealth argues that this purported *pro se* notice of appeal, while Appellant was represented, is a legal nullity. (**See** Commonwealth's Brief, at 5-7). It maintains the appeal must be quashed. (**See id.** at 5, 7). We are sympathetic to this argument.

Our Supreme Court has long ruled that the prohibition against hybrid representation precludes consideration of *pro se* filings while a petitioner is represented by counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion. Moreover, once the brief has been filed, any right to insist upon self-representation has expired.") (citations

---

[6] Appellant filed a *pro se* statement of errors on January 14, 2016. The PCRA court filed an opinion on March 7, 2016. **See** Pa.R.A.P. 1925.

omitted); *see also Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no right to hybrid representation either at trial or on appeal") (citation omitted).

Therefore, here, the PCRA court should have forwarded Appellant's purported notice of appeal to counsel, and taken no further independent action, unless and until counsel determined to file a notice of appeal or take alternative steps. However, the court accepted the notice of appeal and directed Appellant, designated as "Defendant (*Pro se*)," to file a Rule 1925(b) statement of errors. (Order, 12/29/15). Appellant did so.

This raises the question of whether, and to what extent, Appellant, or counsel, placed reasonable reliance on the various actions of the PCRA court in treating Appellant's *pro se* notice of appeal (and his court-ordered statement of errors) as proper and compliant.

If we were to quash this now-counseled appeal, as the product of prohibited hybrid representation, there is a strong possibility, if not a probability, that yet another petition would be filed, and appointed counsel would be put to the task of updating and largely duplicating much of the work already done, either in a revised brief or in preparation of another *Turner/Finley* no merit-letter.

Therefore, to avoid further delay and the possibility of unproductive repetition of effort, with the consequent dissipation of limited judicial resources on review, and in the general interest of judicial economy, we

shall "regard as done that which ought to have been done," accept the notice of appeal as if it were properly filed, and proceed to review the merit of Appellant's claims. ***Commonwealth v. Howard***, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995) (citation omitted) (accepting notice of appeal despite clerk of court's failure to enter appealable order, and counsel's failure to praecipe for entry of appealable order); ***see also*** Pa.R.A.P. 105(a) (providing for rules to be liberally construed in the interest of expediting decisions or for other good cause shown).

The sole question raised in the ***Anders*** brief, and Appellant's *pro se* concise statement of errors, is whether the PCRA petition was timely filed. (***See Anders*** Brief, at 3; Concise Statement, 1/14/16, at 1).[7]

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa. Super. 2012) (citation omitted).

However, before we may proceed to review the merits of Appellant's PCRA petition, we must determine whether counsel has satisfied the procedural requirements to withdraw from representation.

---

[7] Accordingly, Appellant has waived any claims not raised in the concise statement of errors, or any subsidiary issues. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Counsel petitioning to withdraw from PCRA representation under *Turner*, and *Finley*, must review the case zealously. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super 2012). Counsel must then submit a "no-merit" letter to the court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. *See id.* (citing *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)).

Here, after reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel has substantially complied with the requirements of *Turner* and *Finley*, *supra*. In the "no-merit" letter, counsel detailed the nature and extent of his review, identified the issues which Appellant raised in his *pro se* petition, and explained why he

- 6 -

concluded that Appellant's claims were frivolous, and untimely filed, with none of the three statutory exceptions to the time-bar pleaded and proven.

Moreover, counsel indicated that after his own independent review of the record, he could not identify any meritorious issues to raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that he sent Appellant his petition to withdraw along with his no-merit letter and instructed him he had the right to retain counsel or proceed *pro se*.

As counsel has substantially complied with the **Turner/Finley** requirements to withdraw from representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed without pleading an applicable statutory exception to the time-bar.

It is well-established that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011) (citations omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii), which include: (1) the petitioner's inability to raise a

claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii).[8]

In this case, the trial court sentenced Appellant on May 29, 2013. This Court affirmed the judgment of sentence, *nunc pro tunc*, on August 13,

---

[8] In relevant part, section 9545 provides:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1), (2).

2014. Appellant did not file a petition for allowance of appeal. Therefore, his sentence became final on September 12, 2014. Accordingly, he had until September 12, 2015 to file a timely PCRA petition.

Appellant filed the instant petition on September 29, 2015. Accordingly, his petition is facially untimely. Appellant fails to plead or prove any of the statutory exceptions to the time-bar, apparently claiming only that he misunderstood that the one-year filing period did not begin until his personal receipt of the decision on direct appeal. (*See* Commonwealth's Brief, at 9).

> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

*Commonwealth v. Robinson*, No. 715 CAP, 2016 WL 3388402, at *5 (Pa. filed June 20, 2016) (citations and internal quotation marks omitted).

Here, the PCRA court properly dismissed Appellant's PCRA petition as untimely filed. On independent review, as in the direct appeal, we discern no non-frivolous issues preserved for appeal.

Order affirmed.  Counsel's petition to withdraw granted.

President Judge Gantman joins the Memorandum.

Judge Bowes files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2016